IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1999 SESSION

FILED

August 27, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9808-CC-00293 |
| Appellee, | * | ANDERSON COUNTY |
| VS. | * | Hon. James B. Scott, Jr., Judge |
| MELVIN JEROME ANDERSON, | * | (Sale of Cocaine) |
| Appellant. | * | |

For Appellant:

Ann D. Kress, Attorney
Mostoller, Stulberg & Whitfield
136 South Illinois Avenue, Suite 104
Oak Ridge, TN  37830
(on appeal)

Travis Brasfield, Attorney
6220 Western Avenue
Knoxville, TN  37921
(at trial)

For Appellee:

Paul G. Summers
Attorney General and Reporter

Erik W. Daab
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

Jan Hicks
Assistant District Attorney General
Room 127, Anderson County Courthouse
100 North Main Street
Clinton, TN  37716

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

OPINION

The defendant, Melvin Jerome Anderson, was convicted of a sale of cocaine greater than 0.5 gram, a Class B felony. Tenn. Code Ann. § 39-17-417. The trial court imposed a Range I sentence of ten years and a $50,000.00 fine. In this appeal of right, the single issue presented for review is whether the evidence was sufficient to support the conviction.

We affirm the judgment of the trial court.

At approximately 4:00 P.M. on October 11, 1996, Oak Ridge Police Sergeant Mike Uher met with an informant, Bryan Keith Turner, to plan a cocaine purchase in the Scarboro community. Turner, who was compensated by the police at an hourly rate of $10.00, was employed as an informant, according to Sergeant Uher, because he had a prior criminal record which engendered an element of trust among illegal drug suppliers in the area. Just prior to the offense, Sergeant Uher searched Turner and his vehicle, supplied him with $300.00 in cash, and fitted him with a wireless radio device to allow monitoring of the planned transaction. Sergeant Uher followed Turner and watched through binoculars while Turner met with the defendant, purchased cocaine, and then returned to a pre-arranged meeting area. At that point, Turner, who testified at trial that he had purchased $130.00 worth of "rocks" from the defendant, returned the illegal drugs to Sergeant Uher. Later, Carl Smith, a forensic chemist with the TBI, confirmed that the substance Turner had acquired amounted to 2.1 grams of crack cocaine.

Turner's wife, Rahvonna, was present during the transaction. At trial, she testified that she had driven Turner to the place he was to meet the defendant. She confirmed that Turner did not talk with anyone else other than the defendant

2

from the time they left Sergeant Uher until their return. Oak Ridge Police Officer Mark Bell, who worked with a narcotic unit, set up the electronic surveillance equipment for the transaction and monitored the receiver. He also searched Turner's vehicle prior to the transaction. Officer Kristie Brock acted as the evidence technician. She made copies of the cash provided Turner and searched Rahvonna Turner to assure that she was not in possession of illegal drugs prior to the transaction. After the transaction, Officer Brock obtained the cocaine from Turner, sealed it, and delivered it to the TBI Crime Laboratory in Knoxville.

Judy McKnight testified for the defense as did her son, Raymond Luster. Those witnesses claimed that the defendant was aware Turner was an informant in the summer of 1996, well before the drug transaction supposedly took place. The defendant did not testify at trial.

The defendant contends that because the informant had a prior conviction for armed robbery and had a "previous drug problem," he was not trustworthy, and the evidence was insufficient. He argues that the failure on the part of the police to strip search Ms. Turner prior to the transaction, rather than merely doing a pat down search, made the case against the defendant particularly suspect. The defendant asserts that Turner's claim of cocaine delivery was uncorroborated by any other witness. The defendant also points out that the tape recording of the transaction contained "interference" and was not probative of guilt.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light

most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 657 S.W.2d 405 (Tenn. 1983); Tenn. R. App. P. 13(e). This court may neither reweigh nor reevaluate the evidence offered at trial, State v. Evans, 838 S.W.2d 185 (Tenn. 1992), nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Likas v. State, 286 S.W.2d 856 (Tenn. 1956).

Tenn. Code Ann. § 39-17-417(a)(3) prohibits the sale of a controlled substance. Tenn. Code Ann. § 39-17-417(c)(1) provides as follows:

> A violation of subsection (a) with respect to: (1) Cocaine is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine....

Here, the state offered proof on each and every element of the offense as defined by the statute. It was the jury's prerogative to accredit the testimony of the informant Turner and reject altogether the theory offered by the defense. The limited scope of our review precludes either a reevaluation of the weight of the evidence or a reconsideration of the comparative credibility of the witness. Thus, the proof is sufficient to support the conviction.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
David H. Welles, Judge

_____
Joe G. Riley, Judge

4